MURNAGHAN, Circuit Judge,
dissenting:
The natural tension that exists between the Establishment and Free Exercise Clauses of the First Amendment requires that delicate lines be drawn. Although I agree with the analytical approach taken by the majority, I disagree with where they have drawn the line in this case. Because I do not agree that Montgomery County Zoning Ordinance § 59-G-2.19(c) is a permissible accommodation of religion, I conclude that it violates the Establishment Clause of the First Amendment and, accordingly, I dissent.
Relying on the rationale of Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos, 483 U.S. 327, 107 S.Ct. 2862, 97 L.Ed.2d 273 (1987), the majority concludes that Montgomery County Zoning Ordinance § 59-G-2.19(c) passes the first prong of the test laid out in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), because it has a legitimate secular purpose: to alleviate “significant governmental interference with the ability of religious organizations to define and carry out their religious missions.” Amos, 483 U.S. at 335, 107 S.Ct. 2862. Specifically, the majority found that the challenged ordinance “spares Connelly School from the rigorous review of numerous subjective factors that otherwise could interfere with implementation of its mission.” (Ante at 289).
I disagree. Application of the County’s special exception procedures to the Con-nelly School would not significantly interfere with the school’s ability to define and carry out its mission. There is no danger that Montgomery County will become involved in regulating the school’s program of religious education by simply enforcing the generally applicable zoning rules and special exception procedures at issue in *293 this case. The special exception procedures do not burden the exercise of religion in the same way or to the same degree as did the employee hiring requirements at issue in Amos or the daycare program regulations at issue in Forest Hills Early Learning Center v. Grace Baptist Church, 846 F.2d 260 (4th Cir.1988). There is an important difference between regulations that reach into an organization’s program and personnel, on the one hand, and those that only impact the development of its physical facilities, on the other. What goes on within the walls of the church buildings is of far greater significance than the configuration of those buildings. By failing to draw a meaningful line between “significant” and “incidental” interference with religious institutions, I fear the majority is inappropriately expanding the Amos principle and, as a result, traveling down a path that will ultimately render the Establishment Clause meaningless.
I find further support for my conclusion that the challenged ordinance does not serve the secular purpose of avoiding governmental interference with the church’s mission in the language of the ordinance itself. On its face, County Zoning Ordinance § 59-G-2.19(c) applies not only to religious schools, but also to secular schools operated on property owned or leased by religious institutions. If the ordinance were a legitimate effort to avoid interference with the mission of religious schools, it would not be written so as to extend its benefits to schools that are not engaged in any sort of religious mission. The overinclusive language of the ordinance belies the legislative purpose accepted by the majority. For both of these reasons, therefore, I conclude that County Zoning Ordinance § 59-G-2.19(c) was not enacted with the legitimate secular purpose of avoiding governmental interference with the free exercise of religion.
In Amos, the Supreme Court marked a path for legislative actions which relieve religious institutions from generally applicable regulatory burdens in order to better accommodate the free exercise of religion. This court followed that path in Forest Hills by upholding a legislative exemption in Virginia which relieves religiously affiliated daycare centers from the burdens of licensing requirements applied to secular daycare facilities. In both Amos and Forest Hills, one can easily discern a genuine effort to allow religious institutions to operate programs and thereby fulfill their missions without significant, substantive interference from the government. In this case, however, I do not see any such genuine effort. Instead, I see something that looks very much like ordinary favoritism for religious property owners in Montgomery County. Because I believe that such favoritism is precisely what the Establishment Clause forbids, I would hold that Montgomery County Zoning Ordinance § 59-G-2.19(c) is invalid.